900

THE STATE OF WASHINGTON, *Respondent,* v. KELLEY
RAE ALEXANDER, *Appellant.*

*Dennis A. Benjamin* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Shaw,
Deputy,* for respondent.

PEKELIS, J.—Kelley Rae Alexander appeals her convic-
tion for failure to deliver leased personal property. Kelley
contends that the trial court failed to find all of the essen-
tial elements of the offense. Kelley also contends that the

trial court violated her due process rights by shifting the burden of proof from the State to her on one of the elements of the offense.

## I

On October 3, 1987, Kelley Rae Alexander and her boyfriend, Tony Quiros, went to Video West, a video rental store in Woodinville. Kelley used her family's membership card and signed a rental agreement in order to rent two movies. The videotapes were due back at 4 o'clock the next day and were subject to a $3 per day late charge.

Kelley and Tony went to the Quiros' house in Bothell and watched the two movies. Kelley spent the night at the Quiros' house. The next morning Tony's car would not start. Kelley asked Tony's younger brother, Edser Quiros, Jr., to return the tapes. Edser, Jr., agreed to return them. Kelley's mother picked Kelley up and took her home. Kelley and her mother drove to May's Pond, in the opposite direction from the video store. Kelley had often rented movies, watched them at the Quiros' house, and then someone in the Quiros family would return them.

Kelley did not return to the video store during the next month because she was in the process of moving. Kelley never asked Edser, Jr., whether he returned the tapes. The videotapes were in the Quiros' house for 3 or 4 weeks. Edser Quiros, Sr., Tony's father, asked Kelley about them. Kelley told him that she had rented them and that Edser, Jr., had told her that he would return them.

On October 4, 1987, Kay Martin, the owner of Video West, noticed that the two videotapes were not returned. Kay followed the procedures in RCW 9.45.062—failure to deliver leased personal property. She called Kelley and discovered that her phone had been disconnected. She waited 10 days and then sent a letter by certified mail notifying Kelley that the tapes were overdue. The post office returned the letter to Kay because it did not have Kelley's new address. Kelley never received the letter. Kay waited a few days and then called the King County police.

On October 30, 1987, Edser, Sr., returned the tapes. Nonetheless, on February 25, 1988, the State charged Kelley with failure to deliver leased personal property in violation of RCW 9.45.062. On May 5, 1988, the trial court held a hearing and found Kelley guilty.

## II

■ On appeal, Kelley contends that the evidence was insufficient to satisfy the required elements of failure to deliver leased personal property, thus this court must dismiss and reverse. The test on review of a challenge to the sufficiency of the evidence is:

> whether [this court] can say, after reviewing the evidence in the light most favorable to the prosecution, that any rational trier of fact could have found the essential elements of the crime to have been established beyond a reasonable doubt. A challenge to the sufficiency of the evidence admits all inferences that can reasonably be drawn therefrom.

(Citations omitted.) *State v. Jensen,* 57 Wn. App. 501, 504, 789 P.2d 772 (1990), *review granted,* 115 Wn.2d 1001 (1990).

RCW 9.45.062 provides, in pertinent part:

> Every person being in possession thereof *who shall wilfully and without reasonable cause fail to deliver leased personal property* to the lessor within ten days after written notice of the expiration of the lease has been mailed to the lessee by registered or certified mail with return receipt requested, mailed to the last known address of the lessee, shall be guilty of a gross misdemeanor . . ..
>
> As used in this section, the term "lease" shall also include rental agreements.

(Italics ours.)

Neither RCW 9.45.062 nor the chapter defines "wilfully" and no court has interpreted this section. Thus, at trial, the court relied on the definition provided under RCW 9A.08, "Principles of Liability." RCW 9A.08.010(4) states: "A requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears." RCW 9A.08.010(1)(b) provides that a person acts "knowingly" when:

(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or

(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense.

The trial court determined that: "Ms. Alexander wilfully failed to deliver the leased property; to wit: the video tapes because she knowingly did not return the tapes, although she personally had that responsibility." The trial court concluded that as a matter of law: "[Kelley] wilfully and knowingly did not return the video tapes to its lawful owner Video West." The trial court also concluded that: "The fact that Ms. Alexander gave the tapes to someone else to return is not enough to establish a defense because under the law, wilfully means knowingly and she knew that she did not return the tapes."

■ The offense of failure to deliver leased personal property requires a person to "knowingly" and "without reasonable cause" fail to return leased property. The requirement that a person act with knowledge and without reasonable cause suggests that more is required than mere negligence. There is sufficient evidence that Kelley did not return the videotapes, and that she knew that she did not return them. This evidence, however, fails to establish that she acted "knowingly." The offense requires more than Kelley's awareness that *she* did not return the property. If we were to accept the trial court's rationale, we would essentially impose culpability any time a lessee did not personally return a leased item, regardless of the appropriateness of the arrangements made. This would, in effect, write "without reasonable cause" out of the statute.

The evidence accepted by the trial court is that Kelley arranged for the return of the tapes. Thus here, the State had to prove that Kelley "was aware or had information" that Edser, Jr. did not return the tapes, or that it was likely that he would not do so. The State did not present sufficient evidence that Kelley had the requisite knowledge or that she acted unreasonably. Rather, the evidence indicates

that Kelley reasonably relied on Edser, Jr.'s, promise that he would return the tapes, and understandably assumed that he had done so.

Because we conclude that there is insufficient evidence that Kelley "wilfully" failed to return the videotapes, we reverse and dismiss.

BAKER, J., and BRITT, J. Pro Tem., concur.